The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON,
AT SEATTLE

| | |
|---|---|
| GREEN ISLAND HILLS COMMUNITY ASSOCIATION, a Washington non-profit corporation, ROBERT TEAGUE, JACK TRAMMELL and JAMES HERRGOTT, members of the Board of Directors of Green Island Hills Community Association and in their individual capacities,<br><br>        Plaintiffs,<br><br>vs.<br><br>CONTINENTAL CASUALTY COMPANY, a foreign corporation,<br><br>        Defendant. | Cause No. 2:10-cv-01534 RSL<br><br>**ANSWER TO COMPLAINT** |

COMES NOW DEFENDANT CONTINENTAL CASUALTY COMPANY ("Continental"), by and through the undersigned attorneys, and admits, denies, and alleges as follows:

1. Parties

1.1.1    In answer to paragraph 1.1.1, Continental admits that Plaintiff Green Island Hills Community Association ("GIHCA") is a Washington non-profit corporation. Continental

ANSWER TO COMPLAINT – 1
USDC WD WA/SEA CAUSE NO. 2:10-cv-01534 RSL

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

further admits that GIHCA owns a professional liability policy issued by Continental (the "Continental Policy").

  1.1.2 Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1.1.2 of Plaintiffs' Complaint and, on that basis, denies the same.

  1.2 Continental admits that it is an Illinois corporation doing business in the State of Washington.  Continental further admits that it holds contractual and claim handling responsibilities for GIHCA's professional liability policy.

  2. Jurisdiction and Venue

  2.1 In answer to paragraph 2.1 of Plaintiffs' Complaint, Continental admits that the Superior Court could have concurrent jurisdiction over the subject matter of this action and could have personal jurisdiction over the parties under RCW 4.28.185(1)(d).  Continental denies that there is presently jurisdiction in Superior Court because this case has been removed to the United States District Court for the Western District of Washington based upon diversity of citizenship.

  2.2 In answer to paragraph 2.2 of Plaintiffs' Complaint, Continental denies that Island County Superior Court is the proper venue for this action under RCW 48.05.220, RCW 4.12.025, and Civil Rule 82(a)(3), as this case has been removed to U.S. District Court.

  3. Facts

  3.1 In answer to paragraph 3.1 of Plaintiffs' Complaint, Continental admits that, on or about January 23, 2007, GHICA purchased a "Not-for-Profit Organization/Association Professional Liability Policy," policy number 0250511279, from Continental ("Continental Policy").

  3.2 In answer to paragraph 3.2 of Plaintiffs' Complaint, Continental denies the allegations stated therein.

ANSWER TO COMPLAINT – 2
USDC WD WA/SEA CAUSE NO. 2:10-cv-01534 RSL

1215.00002 ci214207

3.3     In answer to paragraph 3.3 of Plaintiffs' Complaint, Continental denies that Plaintiff has fully and accurately stated the policy language and terms and, on that basis, denies the allegations in paragraph 3.3 of the Complaint.  The terms of the Continental Policy speak for themselves and are subject to proof at trial.

3.4     In answer to paragraph 3.4 of Plaintiffs' Complaint, Continental admits that, on or about August 23, 2007, seven homeowners ("Homeowner Plaintiffs") brought a lawsuit in Superior Court for the State of Washington, Island County against GIHCA, Robert Teague, Jack Trammell and James Herrgott.  The allegations and subject of the Homeowner Plaintiffs' lawsuit speak for themselves, are subject to proof at trial, and thus require no answer.  To the extent an answer could be required, Continental denies the same.  Continental lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 3.4 and, on that basis, denies the same.

3.5     In answer to paragraph 3.5 of Plaintiffs' Complaint, the terms of Homeowner Plaintiffs' former lawsuit speak for themselves, are subject to proof at trial; thus, no answer is required.  To the extent an answer could be deemed required, Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies the same.  Continental lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3.5 and, on that basis, denies the same.

3.6     In answer to paragraph 3.6 of Plaintiffs' Complaint, Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies the same.

3.7     In answer to paragraph 3.7 of Plaintiffs' Complaint, Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies the same.

//

//

ANSWER TO COMPLAINT – 3
USDC WD WA/SEA CAUSE NO. 2:10-cv-01534 RSL

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/Fax (206) 624-3585

1215.00002 ci214207

3.8     In answer to paragraph 3.8 of Plaintiffs' Complaint, Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies the same.

3.9     In answer to paragraph 3.9 of Plaintiffs' Complaint, Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies the same.

3.10    In answer to paragraph 3.10 of Plaintiffs' Complaint, Continental admits that it received a copy of a Homeowner Plaintiffs' complaint on or about August 29, 2007. Continental further admits that it denied coverage for the Homeowner Plaintiffs' complaint, but denies Plaintiffs' characterization of the basis for the denial.  Continental lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3.10 and, on that basis, denies the same.

3.11    In answer to paragraph 3.11 of Plaintiffs' Complaint, Continental admits that GIHCA objected to Continental's denial of the subject claim.  Continental lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3.11 and, on that basis, denies the same.

3.12    In answer to paragraph 3.12 of Plaintiffs' Complaint, Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies the same.

3.13    In answer to paragraph 3.13 of Plaintiffs' Complaint, Continental lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies the same.

3.14    In answer to paragraph 3.14 of Plaintiffs' Complaint, Continental admits that, on or about January 28, 2008, GIHCA's claim was denied.  Continental further admits that it has not provided a defense for the asserted claim.  Continental lacks knowledge or information

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

sufficient to form a belief about the truth of the remainder of the allegations in paragraph 3.14 and, on that basis, denies the same.

3.15    In answer to paragraph 3.15 of Plaintiffs' Complaint, Continental admits that it denied Plaintiffs' claim.  Continental lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3.15 and, on that basis, denies the same.

## FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

4.      In answer to paragraph 4 of Plaintiffs' Complaint, Continental incorporates by reference its answers to the foregoing paragraphs.

5.      In answer to paragraph 5 of Plaintiffs' Complaint, Continental denies Plaintiffs' allegations therein.

6.      In answer to paragraph 6 of Plaintiffs' Complaint, Continental denies Plaintiffs' allegations therein.

## SECOND CLAIM FOR RELIEF – INSURANCE BAD FAITH

7.      In answer to paragraph 7 of Plaintiffs' Complaint, Continental incorporates by reference its answers to the foregoing paragraphs.

8.      In answer to paragraph 8 of Plaintiffs' Complaint, Continental admits that an insurer has duties to act in good faith and with reasonable care in claim handling.  Continental denies that failure to defend Plaintiffs' claim was unreasonable, frivolous and constituted bad faith.  Continental lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 and, on that basis, denies the same.

9.      In answer to paragraph 9 of Plaintiffs' Complaint, Continental denies Plaintiffs' allegations therein.

//

//

//

ANSWER TO COMPLAINT – 5
USDC WD WA/SEA CAUSE NO. 2:10-cv-01534 RSL

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1215.00002 cl214207

## THIRD CLAIM FOR RELIEF - VIOLATIONS OF WASHINGTON'S CONSUMER PROTECTION ACT

10.     In answer to paragraph 10 of Plaintiffs' Complaint, Continental incorporates by reference its answers to the foregoing paragraphs.

11.     In answer to paragraph 11 of Plaintiffs' Complaint, the substance and legal effect of WAC 284-30-330 speak for themselves and Plaintiffs are left to their proof at trial; thus, no answer is required.  Continental denies that it violated WAC 284-30-330.  Continental lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 11 and, on that basis, denies the same.

12.     In answer to paragraph 12 of Plaintiffs' Complaint, the substance and legal effect of WAC 284-30-362 speak for themselves and Plaintiffs are left to their proof at trial. Continental denies that it violated WAC 284-30-362.  Continental lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 12 and, on that basis, denies the same.

13.     In answer to paragraph 13 of Plaintiffs' Complaint, the substance and legal effect of WAC 284-30-370 speak for themselves and Plaintiffs are left to their proof at trial. Continental denies that it violated WAC 284-30-370.  Continental lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13 and, on that basis, denies the same.

14.     In answer to paragraph 14 of Plaintiffs' Complaint, Continental admits that the business of insurance is one involving the public interest.  Continental denies that it violated the Consumer Protection Act, denies that it breached duties to Plaintiffs, and denies that it failed to comply with Washington's regulations.  Continental lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 and, on that basis, denies the same.

ANSWER TO COMPLAINT – 6
USDC WD WA/SEA CAUSE NO. 2:10-cv-01534 RSL

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1215.00002 ci214207

15.   In answer to paragraph 4 of Plaintiffs' Complaint, Continental denies the allegations therein.

## PLAINTIFFS' RELIEF REQUESTED

Continental denies that Plaintiffs are entitled to the relief requested in paragraphs A through D of the Complaint.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that one or more of the following affirmative defenses may be available to Continental.  Continental therefore asserts these affirmative defenses in order to preserve the right to assert them.  Upon completion of discovery, and if the facts warrant, Continental may withdraw any of these affirmative defenses as may be appropriate.

To the extent that any matters designated below as affirmative defenses should be treated as counterclaims, Continental respectfully requests the Court to exercise its authority under the Federal Rules of Civil Procedure, Rule 8(c), to treat the pleading as if a proper designation had been made.  By including certain defenses herein, Continental does not concede that it has assumed any applicable burden of proof.

### First Affirmative Defense

Plaintiffs' Complaint and every claim therein fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitation and by any contractual limitation period applicable to the Continental Policy.

### Third Affirmative Defense

Plaintiffs' claims and rights are defined and controlled by the terms, definitions, endorsements, exclusions, conditions, limits of liability and other provisions contained in the

ANSWER TO COMPLAINT – 7
USDC WD WA/SEA CAUSE NO. 2:10-cv-01534 RSL

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1215.00002 ci214207

Continental Policy; and Plaintiffs' claims are barred or limited in whole or in party by such terms, definitions, endorsements, exclusions, conditions, limits of liability and other provisions of the Continental Policy.

### Fourth Affirmative Defense

Plaintiffs' claims are barred to the extent that Plaintiffs are unable to establish the terms, definitions, endorsements, conditions and other provisions of the Continental Policy.

### Fifth Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have failed to comply with applicable notice provisions of the Continental Policy or applicable law.

### Sixth Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs failed to comply with a condition precedent and/or conditions subsequent to liability or coverage.

### Seventh Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that claims or events on which the claims are based do not constitute a "Wrongful Act" as defined by the Continental Policy.

### Eighth Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that claims and/or events giving rise the Plaintiffs' claims are "Interrelated Wrongful Acts" as defined by the Continental Policy for which there is no coverage.

### Ninth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the Continental Policy's exclusion of any Wrongful Act or any matter, fact, circumstance, situation, transaction, or event which has been the subject of any claim made prior the effective date of the asserted policy or of any notice given during any prior policy of which the asserted policy is a successor.

ANSWER TO COMPLAINT – 8
USDC WD WA/SEA CAUSE NO. 2:10-cv-01534 RSL

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1215.00002 cl214207

### Tenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent the claim asserted seeks damages that do not constitute a "Loss" as defined by the Continental Policy.

### Eleventh Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the Continental Policy's exclusion of any other Wrongful Act whenever occurring, which, together with a Wrongful Act which has been the subject of such claim or such notice, would constitute Interrelated Wrongful Acts.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the Continental Policy's exclusion of a claim based upon, directly or indirectly arising out of, or in any way involving any civil, criminal or administrative proceeding prior to or pending before the policy or any fact, circumstance, situation, transaction or event underlying in such proceeding.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because the claims alleged by Plaintiffs involves one claim involving earlier events or alleged Wrongful Acts with Interrelated Wrongful Acts that are considered one Claim dated before issuance of the Continental Policy or a policy to which the asserted policy is a successor.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by Continental Policy endorsements or exclusions barring clams for damages to tangible property, loss of use, or destruction or deterioration of any tangible property, or failure to supervise, repair or maintain tangible property.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by Continental Policy endorsements or exclusions barring clams for the cost of any non-monetary relief, including without limitation

ANSWER TO COMPLAINT – 9
USDC WD WA/SEA CAUSE NO. 2:10-cv-01534 RSL

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1215.00002 cl214207

any costs associated with compliance with any injunctive relief of any kind or nature imposed by any judgment or settlement.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent the claims asserted are not in excess of other insurance or exceed the limits of the Continental Policy.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that any Loss, damages or claims asserted did not occur or arise during the effective period of the Continental Policy.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs failed to act in compliance with a statute, regulation, or Court order.

### Nineteenth Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs failed to exercise reasonable care and diligence to mitigate, minimize or avoid its alleged damages.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, and laches.

### Twenty-First Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs seek reimbursement or damages for sums or actions voluntarily undertaken including, without limitation, those liabilities assumed by or negotiated for by contract.

### Twenty-Second Affirmative Defense

Plaintiffs' claims are barred in whole or in part by Continental Policy endorsements or exclusions of claims for punitive, treble, exemplary, fines or penalties, or violations of law.

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1215.00002 ci214207

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

### Twenty-Third Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs, their predecessor, successors, agents, and/or brokers failed to fully and fairly inform or provide Continental with material facts concerning ongoing claims, pending complaints or claims or events giving rise to such claims constituting a known, expected loss or claim in progress.

### Twenty-Fourth Affirmative Defense

Plaintiffs' claims are barred in whole or in part because individual plaintiffs may not be insureds to whom Continental owes a duty under the Continental Policy.

### Twenty-Fifth Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs seek to recover sums neither reasonably nor necessarily incurred or incurred voluntarily without the written consent of Continental.

### Twenty-Sixth Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that the Continental Policy does not provide coverage for preventing future damages, costs incurred in preventing future damages, or costs of complying with federal, state or local rules, regulations, laws, ordinances, permits, licenses, orders, injunctions, or directives.

### Twenty-Seventh Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs have failed to join necessary and indispensible parties.

### Twenty-Eighth Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that the Policy may not provide coverage for damages or injuries that were expected or intended from GIHCA's standpoint or that were not otherwise fortuitous.

ANSWER TO COMPLAINT – 11
USDC WD WA/SEA CAUSE NO. 2:10-cv-01534 RSL

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1215.00002 cl214207

### Twenty-Ninth Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the known loss or loss in progress rule.

### Thirtieth Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs gained any personal profit, remuneration or personal advantage or committed any fraudulent or criminal act.

### Thirty-First Affirmative Defense

To the extent that Plaintiffs have failed to satisfy or comply with all terms, conditions, and provisions of the Continental Policy or to perform all obligations under the Policy, the Policy may not provide coverage.

### Thirty-Second Affirmative Defense

Continental's liability, if any, is limited by the "other insurance" provision in the Continental Policy.

### <u>RESERVATION OF RIGHTS</u>

Continental specifically reserves the right to amend its answer to add affirmative defenses, counterclaims, cross-claims, or to institute third-party actions, as additional facts are obtained through discovery and investigation.

### <u>DEFENDANT'S REQUESTED RELIEF</u>

WHEREFORE, having fully responded to Plaintiffs' Complaint, Continental prays as follows:

1.    That all relief requested by Plaintiffs be denied and that all claims asserted by Plaintiffs be dismissed with prejudice;

//

//

ANSWER TO COMPLAINT – 12
USDC WD WA/SEA CAUSE NO. 2:10-cv-01534 RSL

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1215.00002 cl214207

2.      That this Court grant and enter judgment in favor of Continental declaring that Continental had no duty to defend or indemnify Plaintiffs with respect to the claims alleged and underlying this action;

3.      That Continental be awarded its costs, disbursements, and attorney fees incurred herein to the extent allowable by law; and

4.      Such other relief as this Court deems just and proper.


DATED this 28th day of September, 2010.

SOHA & LANG, P.S.


By: /s/ Steven Soha
     Steven Soha, WSBA # 9415
     soha@sohalang.com
     Donna M. Chamberlin WSBA #31227
     chamberlin@sohalang.com
     **Soha & Lang, P.S.**
     1325 Fourth Avenue, Suite 2000
     Seattle, WA  98101
     Telephone:  206-624-1800
     Facsimile:  206-624-3585
     Attorneys for Defendant

ANSWER TO COMPLAINT – 13
USDC WD WA/SEA CAUSE NO. 2:10-cv-01534 RSL

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1215.00002 ci214207

1 **DECLARATION OF SERVICE**

2 STATE OF WASHINGTON )
                                )
3 COUNTY OF KING        )

4     I am employed in the County of King, State of Washington.  I am over the age of 18

5 and not a party to the within action; my business address is SOHA & LANG, PS, 1325 Fourth

6 Avenue, Suite 2000, Seattle, WA  98101-2570.

7     On September 28, 2010, a true and correct copy of **Answer to Complaint (with**

8 **attached Declaration of Service)** was served on parties in this action **via CM/ECF:**

9 Christopher L. Brain, WSBA #5054
   cbrain@tousley.com
10 Adrienne D. McEntee, WSBA #34061
   amcentee@tousley.com
11 TOUSLEY BRAIN STEPHENS PLLC
   1700 Seventh Avenue, Suite 2200
12 Seattle, WA 98101
   Telephone: (206) 682-5600
13 Facsimile: (206) 682-2992
   ATTORNEYS FOR PLAINTIFFS GREEN ISLAND HILLS
14 COMMUNITY ASSOCIATION, ROBERT TEAGUE, JACK
   TRAMMELL AND JAMES HERRGOTT

15

16     Executed on this 28th day of September, 2010, at Seattle, Washington.

17     I declare under penalty of perjury under the laws of the State of Washington that the

18 above is true and correct.

19

20 *Emily DeBow-Garcia*
   Emily DeBow-Garcia
21 Legal Secretary to Steven Soha

22

23

ANSWER TO COMPLAINT – 14
USDC WD WA/SEA CAUSE NO. 2:10-cv-01534 RSL

SOHA & LANG, P.S.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, STE 2000
SEATTLE, WASHINGTON 98101
(206) 624-1800/FAX (206) 624-3585

1215.00002 ci214207